RULEY, JUDGE:
Claimant’s wife was driving his car along Route 3 near Arnett, West Virginia, on December 4, 1978. She was returning from checking her mail when she ran over several rocks lying upon the pavement, thereby damaging the vehicle. The rocks had not been on the road earlier that day when she drove to Arnett. Her testimony disclosed that, immediately before the collision, a van in front of her travelling in the same direction had swerved suddenly, and apparently avoided striking the rocks. Immediately after the collision, oil began to leak from claimant’s car. Mrs. Cantley then drove the car three or four miles to get the oil replaced. The car then would not start and the claimant’s wife had it towed to a service station. At the service station the attendants repaired the oil pan, and the car started, but it ran with unusual engine noise. Mrs. Cantley attempted to drive the car home, but it broke down again, and the Cantleys had to have it towed to their home. Claimant seeks damages in the amount of $500.00 as compensation for a replacement engine, oil, and towing charges.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 130 W.Va. 645 (1947). To be found liable, the State must have had either actual or constructive notice of the particular hazard which caused the *73 accident. Davis v. Dept. of Highways, 12 Ct. Cl. 31, (1977). No evidence indicating notice, or the prolonged existence of this hazard, came forth in this case. To the contrary, Mrs. Cantley’s uncontroverted testimony leads to the conclusion that the rocks had fallen only a short time before the collision occurred. Without notice of the hazard caused by the rocks and a reasonable opportunity to remove them, the respondent cannot be held liable. Accordingly, the claim must be denied.
Claim disallowed.