WALLACE, JUDGE:
The claimant filed this claim in the amount of $114.08 for damages to his automobile antenna. In the course of the hearing, the amount of the claim was amended to $132.95.
The accident occurred between 3:30 and 4:00 p.m. on April 2, 1979. The claimant was driving his 1977 Toronado automobile southerly on West Virginia Route 33 about ten miles south of New Haven, West Virginia, in Mason County. The highway is two-laned, one northbound and one southbound.
The claimant was proceeding at less than 55 mph. There were no vehicles in front of him, and a tractor-trailer was approaching from the opposite direction. As he passed the truck, something struck the antenna located on the right front fender of the automobile, and the antenna was demolished. It had struck a tree limb protruding over the road from a recent slide.
The claimant testified that he assumed that the slide had just occurred, because he had driven the same road an hour or an hour and a half prior to the accident and did not see a slide.
John Hayman, assistant supervisor for the Department of Highways in Mason County, testified that he learned of the slide at about 4:15 p.m. on the day of the accident and that it had occurred on that day. He stated that he went to the scene of the slide with *124 acting foreman Fred Lanier, and someone had removed the tree from the highway.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of travellers on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To be liable, the State must have had either actual or constructive notice of the particular hazard which caused the accident. Davis v. Department of Highways, 11 Ct. Cl. 150 (1976). No evidence indicating notice to the respondent, or the prolonged existence of this hazard, came forth in this case. To the contrary, the claimant’s testimony leads to the conclusion that the slide had occurred only a short time before the accident. Without notice of the hazard caused by the slide, and a reasonable opportunity to remove it, the respondent cannot be held liable. Cantley v. Department of Highways, 13 Ct. Cl. 72 (1979). Accordingly, the claim must be denied.
Claim disallowed.